(No. 1258— <span></span>)

L. F. DANNEWITZ, ADMINISTRATOR OF THE ESTATE OF LEROY W. FAXON, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1929.*

R. O. LEITCH AND JOHN M. PEFFERS, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The declaration filed in this case on November 8th, 1927, by L. F. Dannewitz, administrator of the estate of Leroy W. Faxon, deceased, alleges that the State of Illinois, on April 21st, 1927, and for a long time prior thereto, in the lifetime of said LeRoy W. Faxon, was possessed of, using, operating and maintaining a public highway in Section 23, Township 37, North Range 6, East of the 3rd Principal Meridian, in the Town of Little Rock, Kendall county, Illinois, and no part of said section traversed by the highway, erected and constructed by the State of Illinois, through said Section 23, is in any incorporated city or village; that a portion of said highway in said Section 23, crosses a stream of water commonly known as "Big Rock Creek," and that across said Big Rock Creek, and as a part of said highway, the defendant, previous to said date, had erected and constructed a bridge to permit the traveling public, in the use of said highway, to cross said creek; that at a point about 75 feet west of said bridge and continuing westerly in said Section 23 for a distance of approximately 300 feet, the defendant, in the erec-

tion and construction of said road, had excavated and removed the dirt and earth in an upward grade or direction, from and through the brow or bluff of a steep hill, and thereafter said defendant erected, constructed and laid a concrete or cement road bed of a width of 18 feet on said highway commonly known as "Route No. 18", that in the erection and construction of said highway in said Section 23, and at a point about 375 feet westerly from the west line of said bridge, the defendant had changed the direction of said road from a straight line to a sharp curve of several degrees, so that said bridge could not be seen west of said 375 foot point; that commencing at the west end of said bridge and continuing westerly for a distance of about 75 feet, and on each side of said highway, and as a part thereof, the soil surface inclines sharply downward for a distance of about 25 feet toward said creek; that said defendant erected and constructed on said highway, for a distance of about 375 feet just west of said bridge, a road bed of cement or concrete of a width of about 18 feet, for the use of the public; that the defendant on said first mentioned date was the owner and in possession, use and control of lands extending for a distance of about 30 feet on each side of the center of said cement road bed through said Section 23, including said bridge; that commencing on the west line of said bridge and continuing westerly for about 75 feet on each side of said cement road bed and where the soil surface at a distance not exceeding 30 feet from the center of said cement road bed deflects sharply downward towards said creek, as aforesaid, the same on said first mentioned date and for a long time prior thereto, was, ever since said time has been, and still is, owned, used and controlled and maintained by the defendant as a part of said Route No. 18; that on April 21st, 1927, on each side of said cement road bed, for a distance of about 375 feet extending westerly from the west side of said bridge, the defendant negligently failed to provide guards, barriers, warning signs or fences to protect the traveling public against accident, danger or casualty while traveling along said highway; that in, on and along such upwardly graded roadbed through said hill, on said date, the defendant failed to provide sufficient drainage for surface water and melting snows, and by reason thereof, during freezing periods of the weather, the surface water and melting snows, would frequently freeze and cause said cement road

bed to be covered with ice, thereby rendering the surface of said cement road bed slippery and dangerous to vehicles used by the public while traveling thereon; that on said day, LeRoy W. Faxton, being then in good physical condition and with no impairment of sight or hearing, was operating and driving an automobile on that part of said highway which traverses said Section 23, traveling in an easterly direction, toward said bridge and some place west of the westerly terminus of said graded portion of said highway and while so traveling thereon, exercising due care and caution for his own safety, and believing said highway to be safe, and secure for traveling purposes, approached said bridge for the purpose of proceeding to his destination, which was supposed to be the City of Aurora, in the State of Illinois; that because of the icy coated surface of said road bed, he became unable to control his automobile so as to remain on the right side of the center of said road bed before reaching said place on the north side of said highway therein the soil surface deflected downward toward Big Rock Creek, and was unable to check the momentum of said auto in time to return to the beaten path or cement roadbed, but he left said main traveled portion or cement road bed and entered into and upon said deflected or inclined portion thereof and by reason of the speed of his auto, was violently projected, thrown, hurled and launched forward and downward to and into said creek in such a manner as to cause himself and his auto to be submerged therein, and unable, on account of the current of said creek, to release himself from said auto and save himself from further danger, and as a result of said accident drowned; that he left a widow, who relinquished her right to administer upon said estate and made application to the County Court of Kendall county, Illinois, for the appointment of plaintiff as such administrator, and letters of administration were duly granted by said court to L. F. Dannewitz, as such administrator on May 6th, 1927; that said LeRoy W. Faxon, was earning from his employment the sum of $250.00 per month.

The demurrer filed by the State of Illinois is sustained as a matter of law.

There are no facts in this case to show how the accident, causing the death of LeRoy Faxon, occurred,—no witness of any kind to the accident. The evidence in the case discloses

that the car was on its right hand side of the road, going in a westerly direction on Route No. 18, and had made the turn around the hill, and then for some cause unknown to anyone, the car commenced to move to the left hand side of the road about seventy-five feet west of the west side of this bridge and hit the culvert and curbing on the left hand side of the road about thirty-one feet west of the left hand side of the bridge and then, traveling said thirty feet to the concrete embankment on the southwest corner of the bridge, and jumping two-thirds of the distance across the bridge, a matter of forty to fifty feet, lighted without turning over in any way. There were no skid marks on the road supposed to have been made by the automobile the deceased was driving, and the road was straight—he had made the turn in the road and was going down hill on a straight road when his car suddenly took to the left curb, jumped over the curb which is ten to twelve inches high and jumped over the embankment forty to fifty feet into the creek. To have gone over this curbing, with a Ford car and jumping forty to fifty feet over a twenty foot embankment, one would have had to be traveling at a high rate of speed. We realize more completely this year probably than in any former years, since the State has maintained its hard road system, the impossibility of keeping the road bed cleared of ice. It would be folly and would establish a dangerous precedent to hold the State liable for accidents, which might occur on account of this condition existing.

The claim of the administrator of the estate of LeRoy W. Faxon is accordingly denied.